ALEXANDER v CITY OF DETROIT (ON REMAND)

Docket No. 100345. Submitted May 7, 1987, at Lansing. Decided November 16, 1987.

Shirley Alexander and others filed in Wayne Circuit Court a class action on behalf of themselves and other owners of apartments in the City of Detroit, with more than four units, seeking the refund from the City of Detroit of certain refuse collection fees. The trial court found the ordinance which established the fee to be unconstitutional and entered judgment in favor of plaintiffs. The court ordered the City of Detroit to issue payment to the property owners who had been assessed the fee at issue and to place in escrow the amounts payable to unlocated class members. The attorney general intervened and claimed the undistributed judgment being held in escrow pursuant to the provisions of the Michigan Code of Escheats. The Wayne County Probate Court appointed the Wayne County Public Administrator as administrator of the individual estates of the unlocated property owners involved in the class. The public administrator thereafter filed a claim with the Wayne Circuit Court on behalf of those persons, seeking the amounts payable to the unlocated property owners. The trial court, Susan D. Borman, J., denied the claim of the attorney general that the undistributed judgment fund should escheat to the state, holding that the unlocated class members had never submitted their written claims to the court and thus never were owners of the property which could escheat to the state. The attorney general appealed. The Court of Appeals reversed, holding that the claim of the public administrator resulted in effective claims being filed by the unlocated class members. See 154 Mich App 722 (1986). The City of Detroit appealed. The Supreme Court held that, if the action was a spurious class action, the unlocated class members who did not opt in would not be entitled to any portion of the judgment and remanded the

REFERENCES

Am Jur 2d, Parties §§ 46-48, 68, 90.

Discovery for purposes of determining whether class action requirements under Rule 23(a) and (b) of Federal Rules of Civil Procedure are satisfied. 24 ALR Fed 872.

See also Class Actions under Index to Annotations.

matter to the Court of Appeals for reconsideration of whether the trial court had properly characterized the action as a spurious class action. 428 Mich 895 (1987).

The Court of Appeals, on remand, *held:*

The action was a spurious class action. Accordingly, in accordance with the mandate of the order of remand, the trial court's order must be affirmed.

Affirmed.

1. PARTIES — SPURIOUS CLASS ACTION — JUDGMENT.

A class action seeking a determination that a city ordinance setting a fee schedule for trash removal is unconstitutional with respect to owners of apartment buildings with more than four units and seeking a return of fees paid pursuant to that ordinance is a spurious class action, since the only connections between the members of the class are common questions of law and fact; in a spurious class action, only those members who affirmatively indicate to the court their desire to be included in the class are bound by any judgment and will be eligible to share in any pool of funds secured in the judgment (GCR 1963, 208.1[3]).

2. PARTIES — SPURIOUS CLASS ACTION — PUBLIC ADMINISTRATOR — ABANDONED PROPERTY — ESCHEATS.

A claim filed by a public administrator appointed to represent owners of abandoned property in a class action seeking the return of certain fees paid by the owners of a certain class of real property will not bind those named but unlocated members of the class where the class action in question is a spurious class action; under such circumstances, since the unlocated members of the class did not opt in, neither those unlocated members nor the state under the power of escheat would be eligible to share in any undistributed judgment secured in the class action.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard L. Hammer, Jr.,* Assistant Attorney General, for intervening plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Hilda H. Hirata* and *Thomas B. Serowik,* Assistant Corporation Counsel, for City of Detroit.

ON REMAND

Before: M. J. Kelly, P.J., and Shepherd and Doctoroff, JJ.

Per Curiam. By order of the Supreme Court dated May 4, 1987, we revisit this case solely to determine "whether the trial court erred in classifying the instant action as spurious in nature." *Alexander v Detroit,* 428 Mich 896; 405 NW2d 877 (1987). We conclude that it did not.

The nature of the rights asserted by plaintiffs in this case were several and distinct, connected only because of common questions of law or fact. As stated by plaintiffs in their 1969 complaint:

> That the character of the right sought to be enforced in this suit is several and this suit involves questions of law and fact that are common to all owners of multiple dwellings of more than four units in the City of Detroit in connection with waste, trash, rubbish and garbage removal.

The trial court thus did not err in concluding that the instant class action is spurious in nature. See GCR 1963, 208.1(3); *Grigg v Michigan National Bank,* 405 Mich 148, 172, 174; 274 NW2d 752 (1979).

The Supreme Court by its order of May 4, 1987, held that, if this class action is spurious, then unlocated class members in this case who did not opt in were not entitled to a portion of the judgment.

After indicating in the order that this Court had previously held that the unlocated class members had become entitled to the unclaimed portion of the fund by virtue of the claim filed on their behalf by the public administrator appointed by

the probate court, the Supreme Court noted that both the statute authorizing appointment of a public administrator, MCL 567.33; MSA 26.1053(23),[1] and the order entered by the probate court limits the appointment to administering the rights of the "owners of abandoned property."

The Supreme Court's order then stated that the issue whether the unlocated class members in this case were the owners of abandoned property turns on the nature of the class action involved. Citing *Grigg, supra,* the Court determined that, if, in fact, this were a spurious class action, the unlocated class members who did not opt in would not be entitled to a portion of the judgment and consequently would not be the "owners of abandoned property" for which a public administrator could be appointed.

Although we are compelled pursuant to the order of remand to affirm the trial court, we do so reluctantly, for we do not believe that the unlocated class members' status as "owners" for purposes of MCL 567.33; MSA 26.1053(23) is determined by the nature of the class action involved.

As described in *Grigg, supra,* a spurious class action has been considered to be a liberal permissive joinder device. 405 Mich 172. A judgment in such an action only binds those who opt in. *Id.*

Under the Michigan Code of Escheats, MCL 567.11 *et seq.*; MSA 26.1053(1) *et seq.,* "owner" is defined as a person having legal or equitable title to property. MCL 567.15(c); MSA 26.1053(5)(c). In

---

[1] MCL 567.33; MSA 6.1053(23) provides in relevant part:

The attorney general, or the state public administrator, may cause appropriate proceedings to be instituted in the probate court of the proper county of this state for the administration of the estate of any person who is the owner of abandoned property discovered as provided for in this act or of which he otherwise has knowledge.

this case, the names of the owners of the property were known. The question as we see it then becomes whether the actions of the public administrator, who filed a written claim before the cutoff deadline for opting in on behalf of the owners of the property who could not be located, bound the unlocated owners in this action.

Notwithstanding our assessment of this issue, we must rule in accordance with the order of remand. The trial court is, therefore, affirmed.

Affirmed.